UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13600-GAO

CLEVER SANGALAZA,
Plaintiff,

v.

LUISA POLANCO,
Defendant.

MEMORANDUM AND ORDER
October 19, 2015

O'TOOLE, D.J.

For the reasons set forth below, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

**I.   Background**

Before the Court is the complaint of pro se litigant Clever Sangalaza in which he alleges that on October 20, 2015, the defendant will be wrongfully evicted from his residence in Lawrence, Massachusetts. The plaintiff objects to the eviction "because Luisa Polanco claim of title and standing under federal law in invlid. because it is based on the foreclosure of fraudulent mortgage made and executed in my name by parties unknown/without authority and/or without my knowledge. Luisa Polanco must therefore prove her title." Compl. at 2 (as in original). He seeks an order to stop the eviction.

**II.** **Discussion**

A court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). "Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but, rather, must appraise their own authority to hear and determine particular cases." Calderon-Serra v. Wilmington Trust Co., 715, F.3d 14, 17 (1st Cir. 2013) (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 712 (1st Cir. 1998)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under the Rooker-Feldman doctrine,[1] a federal district court does not have subject matter jurisdiction to entertain an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in federal court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

Here, Sangalaza is asking this Court to review and reject the judgments of the state court. Sangalaza attached to the complaint a copy of an Execution On Judgment for Summary Process issued by the Commonwealth of Massachusetts, Housing Court Department. See Compl. Ex. 1 (dkt. no. 1-1, at 4). This document indicates that judgment was awarded in favor of Polanco in the case Polanco v. Sangalaza, 15H77SP002491 (Northeast Housing Ct., Mass.), on August 19,

---

[1] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2015, and that the property in question is the same property that is at issue in the present action. A review of publicly available docket indicates that the state court denied Sangalaza's motion for a stay of execution and issued a Final Execution on October 9, 2015.

The plaintiff is clearly asking this Court to review and reject a judgment of the state court; under the Rooker-Feldman doctrine the Court lacks jurisdiction to do so.

### III. Conclusion

Accordingly:

This action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The emergency motions to stay the eviction and for leave to proceed in forma pauperis are DENIED AS MOOT.

SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge